1

DEBORA K. KRISTENSEN (WSB #20520)

2

JEFFREY C. FEREDAY, admitted *pro hac*
PRESTON N. CARTER, admitted *pro hac*

3

GIVENS PURSLEY LLP
601 West Bannock Street

4

P.O. Box 2720
Boise, Idaho 83701-2720

5

Telephone:  (208) 388-1200
Facsimile:  (208) 388-1300

6

Email:    dkk@givenspursley.com

7

jefffereday@givenspursley.com
prestoncarter@givenspursley.com

8

*Additional Counsel for Defendants, D & A Dairy and D & A Dairy, LLC, on Signature Page*

9

## IN THE UNITED STATES DISTRICT COURT

10

## FOR THE EASTERN DISTRICT OF WASHINGTON

11

COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC., a Washington Non-Profit Corporation

CASE NO. CV-13-3018-TOR

12

DEFENDANTS' MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41)

13

*And*

CENTER FOR FOOD SAFETY, INC.,

14

a  Washington,  D.C.  Non-Profit Corporation,

NOTED:      June 21, 2013
6:30 p.m.

15

                                    Plaintiffs,
        *v.*

Without oral argument

16

17

D & A Dairy, a Washington Partnership
        *and*

18

D & A Dairy, LLC, a Washington Limited Liability Company,

                                    Defendants.

19

20

21

DEFENDANTS' MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41)

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................... 1

II. ARGUMENT................................................. 3

    A.  The *Shaw Declaration* Should be Stricken Because it Attempts to Present Factual Matters Outside the *Complaint*................................. 4

    B.  The *Standing Declarations* Should be Stricken Because They Are Not Necessary to Establish Standing and Because They Contain Legal Arguments and Factual Assertions Outside the *Complaints*. ..5

III. CONCLUSION ........................................... 7

# I.    INTRODUCTION

On April 29, 2013, Defendants in four pending cases (collectively, "Dairies") filed *Defendants' Joint Motion to Dismiss* (Dkt. 26).[1]  On May 14, Plaintiffs Community Association for Restoration of the Environment and Center for Food Safety (collectively, "CARE") filed a *Response to Defendants' Joint Motion to Dismiss* (Dkt. 35) ("*Response*").  In support of the *Response*, CARE filed the *Declaration of Byron Shaw* (Dkt. 36) ("*Shaw Declaration*").  Mr. Shaw purports to be an expert on the environmental impacts of Confined Animal Feeding Operations ("CAFOs").  The *Shaw Declaration* contains three attachments: his CV (Dkt. 36-1), excerpts from a 2012 EPA report regarding nitrates in well water in the Lower Yakima Valley, (Dkt. 36-2) and what CARE contends is a 2009 inspection report for "Cow Palace" (Dkt. 36-3).[2]  Defendants'

---

[1] The cases are: (1) *Cmty. Ass'n for Restoration of the Env't, et al. v. Cow Palace, LLC*, CV-13-3016-TOR (filed Feb. 14, 2013); (2) *Cmty. Ass'n for Restoration of the Env't, et al. v. George & Margaret, LLC et al.*, CV-13-3017-TOR (filed Feb. 14, 2013); (3) *Cmty. Ass'n for Restoration of the Env't, et al. v. D & A Diary, et al.*, CV-13-3018-TOR (filed Feb. 14, 2013); and (4) *Cmty. Ass'n for Restoration of the Env't, et al. v. Henry Bosma Dairy, et al.*, CV-13-3019-TOR (filed Feb. 14, 2013).

[2] Filing portions of the EPA report is highly inappropriate at this stage.  The

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 1

*Joint Motion to Dismiss* tests the adequacy of CARE's pleadings.  It assumes all allegations in the *Complaints* are true.  Expert declarations are inappropriate at this stage of the litigation.  Therefore, the *Shaw Declaration* and its attachments should be stricken.  *Blau v. Harrison*, 2006 WL 850959, at *1 (N.D. Ill. 2006) (granting defendant's motion to strike expert declaration attached to plaintiff's opposition to motion to dismiss).

CARE also filed five non-expert declarations:  the *Declaration of Andrew Kimbrell* (Dkt. 37) ("*Kimbrell Declaration*"), the *Declaration of Jan Whitefoot* (Dkt. 38) ("*Whitefoot Declaration*"), the *Declaration of Angela Galbreath* (Dkt. 39) ("*Galbreath Declaration*"), the *Declaration of Helen Reddout in Support of Plaintiffs' Opposition to Joint Motions to Dismiss* (Dkt. 40) ("*Reddout Declaration*") and the *Declaration of Larry Fendell in Support of Plaintiffs'*

Dairies dispute the conclusions in the EPA's report, which has been criticized by the EPA's own independent third party reviewers, state and local agencies and other interested parties.  Filing an unauthenticated inspection report and expounding upon it in an expert declaration is also inappropriate.  In any event, the inspection report notes that "no manure water appears to have left the field" and "[s]ome small areas of ponding were disked in right after application."  Dkt. 36-3.  The Dairies should not be forced to argue factual matters such as these in the context of a Rule 12(b)(6) Motion.

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 2

*Opposition to Joint Motion to Dismiss* (Dkt. 41) ("*Fendell Declaration*") (collectively, "*Standing Declarations*").  The *Standing Declarations* purport to establish CARE's standing.  Yet at this stage in the litigation, standing must be determined by reference to the allegations in the *Complaints*.  Moreover, the *Standing Declarations* contain factual and legal assertions far beyond standing requirements.  Therefore, the *Standing Declarations* should be stricken in their entirety.  If the Court is not inclined to strike them entirely, the Dairies respectfully request the Court strike the unnecessary and inappropriate factual and legal assertions contained therein.

## II.    ARGUMENT

It is a fundamental tenet of federal civil procedure that a motion to dismiss tests "the adequacy of the pleadings, not the adequacy of the evidence."  *Solid 21, Inc. v. Breitling USA, Inc.*, 2013 WL 1116539, *1 (9th Cir. 2013) (unpublished).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Factual matters "have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001).  Accordingly, courts routinely strike declarations that contain factual matters outside the complaint, when offered in opposition to a motion to dismiss.  *E.g.*, *Roshandel v. Chertoff*, 2008 WL 1969656,

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 3

*3 (W.D. Wash. 2008) (striking declarations filed in response to motion to dismiss); *Pistoresi v. Madera Irr. Dist.*, 2008 WL 5070051, *7 (D. Or. 2008) (same).  The Dairies respectfully request the Court do the same in this case.

**A.    The *Shaw Declaration* Should be Stricken Because it Attempts to Present Factual Matters Outside the *Complaint*.**

CARE contends the *Shaw Declaration* provides "further support for the Complaints' factual allegations."  *Response* at 5 n.2.  But factual support is unnecessary, as the allegations must be taken as true.  *Iqbal*, 556 U.S. at 679.  If this is the true reason for the *Shaw Declaration*, it should be stricken as entirely unnecessary.

Despite CARE's contention that the *Shaw Declaration* merely provides "support for" the *Complaints*' allegations, the *Shaw Declaration* contains many factual assertions that are <u>not alleged</u>.  For example, Mr. Shaw states that the water level has raised 40 feet since irrigation began, *Shaw Declaration* at ¶11, and expounds upon manure lagoons in Iowa, *id.* at ¶16.  He also attempts to explain "Darcy's law" as applied to manure lagoons—an issue not mentioned in the *Complaints*.  *Id.* at ¶12.    The Dairies' *Joint Motion to Dismiss* tests "the adequacy of the pleadings, not the adequacy of the evidence."  *Solid 21*, 2013 WL 1116539, *1.  Considering factual matters outside the *Complaints* is inappropriate on a Rule 12(b)(6) motion.  Thus, the *Shaw Declaration* should be stricken.  *See Blau*, 2006 WL 850959 at *1 ("As [the expert] affidavit is neither referenced in

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 4

7tletheing

x

the Complaint nor attached to the pleadings, the Court may not consider his affidavit in ruling on the Defendants' Rule 12(b)(6) motion. Accordingly, the Court grants Defendants' motion to strike and excludes the extraneous material.").

CARE also implicitly contends the *Shaw Declaration* is necessary to identify matters that need discovery in order to be resolved. *Response* at 7 n. 5. To that end, Mr. Shaw contends he needs discovery to draw definitive conclusions regarding "facility waste volumes and the fate of the waste." *Shaw Declaration* at ¶9. Of course discovery is needed for Mr. Shaw to opine on such matters. This fact is irrelevant to the issues before the Court on the *Motions to Dismiss*. The *Joint Motion to Dismiss* does not test factual matters; it tests the adequacy of the *Complaints*. The *Complaints* contain allegations regarding the volume of manure lagoons and the manure's ultimate fate. Mr. Shaw's assertion is therefore irrelevant. The need for discovery on the merits does not justify the *Shaw Declaration* or defeat a motion to dismiss.

**B.   The *Standing Declarations* Should be Stricken Because They Are Not Necessary to Establish Standing and Because They Contain Legal Arguments and Factual Assertions Outside the *Complaints*.**

The three constitutional standing requirements—injury-in-fact, causation and redressability—"must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*,

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 5

504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* In this case, the *Complaints* contain factual allegations regarding CARE's standing. The Dairies do not challenge the adequacy of these allegations as to CARE's standing at this point in the litigation. The *Standing Declarations* are therefore unnecessary and inappropriate. They should be stricken.

Even if declarations were required to prove standing—and they are not—the *Standing Declarations* attempt to present legal arguments or factual matters to the Court. These arguments and assertions are entirely unnecessary for standing purposes. For example, in the *Kimbrell Declaration*, Mr. Kimbrell states that "[t]he Defendants' industrial production of dairy products also involves the generation, handling, storage, treatment, transport or disposal of animal waste." *Kimbrell Declaration* at ¶11. This parrots the language of RCRA's citizen-suit provision regarding imminent and substantial endangerment. 42 U.S.C. § 6972(1)(B) (authorizing citizen suit against any person who "generat[es]" or "has contributed or who is contributing to the . . . handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to the health or the environment"). Mr. Fendell asserts

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 6

that he has observed what he perceives to be over-application of manure. *Fendell Declaration* at ¶19. Over-application is alleged in the *Complaints*; factual assertions are inappropriate. Arguments and assertions such as these occur throughout the *Standing Declarations*. They do not establish injury, causation or redressability; they attempt to support the arguments CARE makes in its *Response*. Because the *Standing Declarations* constitute an attempt to introduce inappropriate arguments and facts to the Court on a motion to dismiss, they should be stricken.

If the Court is not inclined to strike the *Standing Declarations* in their entirety, the Dairies respectfully request the Court strike the legal arguments and factual assertions that go beyond those necessary to establish standing. A list of these paragraphs follows. *Kimbrell Declaration*: ¶¶8 through 16. *Whitefoot Declaration*: ¶¶8, 9, 10, 11, 12, 13, 14, 15, 16, 18 and 19. *Galbreath Declaration*: ¶¶4, 5, 6, 7, 8, 10, 11, 12 and 13. *Reddout Declaration*: ¶¶9, 10, 12 and 14 through 25. *Fendell Declaration*: ¶¶6, 8, 9 and 10 through 20.

### III.    CONCLUSION

The Dairies' *Joint Motion to Dismiss* tests the adequacy of the allegations in the *Complaints*, not CARE's ability to prove them. Through numerous declarations, CARE improperly attempts to inject factual matters into the Court's decision. The Dairies respectfully request that the Court strike these Declarations.

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 7

1    DATED this 22nd day of May 2013.

2

3

4    /s/ Debora K. Kristensen                    /s/ Brendan V. Monahan
     GIVENS PURSLEY LLP                          BRENDAN V. MONAHAN (WSB #
5    601 West Bannock Street                     22315)
     P.O. Box 2720                               DUSTIN YEAGER (WSB # 36677)
6    Boise, Idaho 83701-2720                     MATHEW L. HARRINGTON (WSB
7    Telephone:  (208) 388-1200                  # 33276)
     Facsimile:  (208) 388-1300                  SEAN A. RUSSEL (WSB # 34915)
8    dkk@givenspursley.com                       STOKES LAWRENCE VELIKANJE
9                                                MOORE & SHORE
     *Counsel for Defendants, D & A Dairy*       120 North Naches Avenue
10   *and D & A Dairy, LLC*                       Yakima, Washington  98901-2757
11                                               Telephone:  (509) 853-3000
12                                               Facsimile:   (509) 895-0060
                                                 brendan.monahan@stokeslaw.com
13                                               dey@stokeslaw.com
14                                               mlh@stokeslaw.com
                                                 sar@stokeslaw.com
15

16                                               *Counsel for Defendants, D & A Dairy*
17                                               *and D & A Dairy, LLC*

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 8

1

CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY that on this 22nd day of May 2013, I caused the

3

4

following parties or counsel to be served by electronic means, as more fully

5

reflected in the Notice of Electronic Filing:

6

Brad J. Moore

7

brad@stritmatter.com

8

9

10

/s/ Debora K. Kristensen

11

Debora K. Kristensen

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S MOTION TO STRIKE DECLARATIONS
(Dkts. 36, 37, 38, 39, 40, 41) - 9